OPINION
{¶ 1} Appellant appeals the trial court's denial of a motion to vacate his domestic violence conviction.
 STATEMENT OF FACTS AND CASE {¶ 2} On March 2, 1994, appellant was charged with one count of domestic violence in violation of R.C. 2919.25, a fourth degree misdemeanor. The complaint stated that on February 1, 1994, the appellant did knowingly cause or attempt to cause physical harm to Yolanda Brown, a family or household member.
 {¶ 3} On March 9, 1994, appellant appeared and entered a guilty plea to the charges in the complaint. The appellant was sentenced to serve thirty days and ordered to pay a one hundred and fifty eight dollar ($158.00) fine. The trial court further ordered that appellant's thirty day sentence be suspended.
 {¶ 4} The judgment entry of conviction and sentence does not indicate whether appellant was represented by counsel. Furthermore, the record does not include a written waiver of counsel.
 {¶ 5} Appellant did not appeal the conviction and sentence.
 {¶ 6} On June 25, 2007, appellant filed an "Emergency Motion to Vacate Conviction and Sentence". Appellant argued in his motion that his conviction should be vacated to correct a "manifest injustice." Specifically, appellant argued that he had entered a plea of "no contest to domestic violence without the assistance of counsel and without a valid constitutional waiver of counsel."
 {¶ 7} Appellant further argued that without the benefit of counsel he was not fully advised that the conviction could be used to enhance future criminal charges. *Page 3 
Therefore, he argued that his plea was not knowingly, intelligently and voluntarily entered and his conviction should be vacated.[1]
 {¶ 8} Appellant failed to provide the trial court with a transcript of his plea hearing. However, both parties agreed, during the oral arguments in the case sub judice, that a transcript of the hearing, in all likelihood, would no longer be available in a matter which is now before the court approximately thirteen years after the routine plea hearing. The only documents available for review were the trial court's journal entries.
 {¶ 9} Thereafter, on June 26, 2007, the trial court summarily denied appellant's motion to vacate his conviction and request for a hearing. It is from this judgment that appellant seeks to appeal setting forth the following assignment of error:
 {¶ 10} "THE TRIAL COURT COMMITTED PLAIN ERROR IN DENYING THE APPELLANT'S MOTION TO VACATE HIS CONVICTION WITHOUT PROVIDING HIM AN OPPORTUNITY FOR HEARING ON SAID MOTION."
 {¶ 11} In his assignment of error appellant argues that the trial court committed a manifest injustice by summarily denying his motion to vacate his conviction and sentence. We disagree.
 {¶ 12} Although the trial court does not so specify, the appellant's motion to vacate his conviction was effectively a motion for post conviction relief pursuant to R.C. 2953.21[2] "R.C. 2953.21 (J), provides that `Subject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth *Page 4 
in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.'" State v. Bush, 96 Ohio St.3d 235, 238,2002-Ohio-3993, 773 N.E.2d 522. Accordingly, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post conviction relief as defined in R.C. 2953.21."State v. Reynolds (1997), 79 Ohio St.3d 158, 1997-Ohio-304,679 N.E.2d 1131, syllabus. See also, Lynch v. Wilson, 114 Ohio St.3d 118,868 N.E.2d 982, 2007-Ohio-3254.
 {¶ 13} Prior to September 21, 1995, R.C. 2953.21(A)(1) stated as follows: "Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief." (emphasis added)
 {¶ 14} In Senate Bill 4, effective September 21, 1995, R.C. 2953.21
was amended to require a defendant who does not directly appeal his conviction and sentence to file a petition for post-conviction relief no later than 180 days after the expiration of the time for filing an appeal. Uncodified S.B. 4, Section 3, states that "A person who seeks post conviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the *Page 5 
effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." See 1995 Ohio Laws File 24 (S.B. 4).
 {¶ 15} In State v. McDonald, Erie App. No. E-04-009, 2005-Ohio-798, appeal not allowed, 106 Ohio St.3d 1462, 2005-Ohio-3490,830 N.E.2d 1169, appellant filed a motion for post conviction relief from a 1994 conviction and sentence. The appellate court found that the legislature expressly intended for the post-conviction relief time limit to be applied retroactively because it provided that defendants must file a petition within either 180 days of sentencing or "within one year from the effective date of this act." Therefore, the court held that the amended statute was constitutional and could be retroactively applied to petitioner. U.S.C.A. Const. Art. 1, § 10, cl. 1; Const. Art. 1, § 28; R.C. § 2953.21. See also State v. Hutton, Cuyahoga County App. No. 80763, 2007-Ohio-5443; See also, State v. Consilio, 114 Ohio St.3d 295,1167, 2007-Ohio-4163, in which the Ohio Supreme Court looked to an uncodified section of a Senate Bill to determine whether the legislature intended a change in the law to be applied retroactively.
 {¶ 16} Therefore, we conclude that appellant had one year from September 21, 1995, to file his petition for post-conviction relief.
 {¶ 17} If a defendant's petition is untimely under R.C. 2953.21(A)(2), then his untimely petition must be considered a delayed petition and must comport with R.C. 2953.23(A)(1). *Page 6 
 {¶ 18} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 19} If a defendant neither timely files his petition under R.C.2953.21(A)(2) nor shows that his untimely petition comports with R.C.2953.23(A)(1), then the trial court lacks jurisdiction to consider the petition. See, e.g., State v. Gibson, Washington App. No. 05CA20,2005-Ohio-5353, paragraph 10, appeal not allowed, 108 Ohio St.3d 1439,2006-Ohio-421, 842 N.E.2d 64.
 {¶ 20} In this case appellant's petition, titled a "Motion to Vacate Conviction", was filed well beyond the one year time limitation and is, therefore, untimely. Additionally, appellant's petition does not comport with the requirements for a delayed petition, because appellant did not assert that his claim was based upon a newly created federal or state right. Thus, we need address only whether appellant was unavoidably prevented from discovering the facts upon which he based his petition (i.e. motion to vacate conviction). *Page 7 
 {¶ 21} The phrase "unavoidably prevented" in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence. State v. McDonald, Erie App. No. E-04-009, 2005-Ohio-798, at paragraph 19. The "facts" contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case which occurred up to and including the time of conviction. State v.Czaplicki (May 29, 1998), Montgomery App. No. 16589, unreported.
 {¶ 22} Appellant argues that he was denied the constitutional right to the effective assistance of counsel and as a result his plea was not knowingly, intelligently and voluntarily entered. However, appellant has failed to set forth facts which established that appellant was unavoidably prevented from discovering the circumstances which serve as the basis for his petition. For this reason, appellant has failed to establish grounds for the trial court to entertain his untimely petition. As such, appellant failed to meet his burden under R.C.2953.23 to file a timely petition for post conviction relief. Therefore, the trial court lacked jurisdiction to entertain the petition. Furthermore, a trial court cannot conduct an evidentiary hearing upon a petition that it is precluded by statute from entertaining. *Page 8 
 {¶ 23} For these reasons appellant's assignment of error is hereby overruled and the judgment of the Massillon Municipal Court is hereby affirmed.
 Edwards, J., Gwin, P.J. and Farmer, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs assessed to appellant.
[1] Appellant also argued that he and his ex-wife (i.e. the complainant) have resolved their differences and were working together to raise their children. He further argued that he is provisionally teaching in the Shaker Heights School District, is attending Notre Dame College and is working to obtain a master's degree in education. He argued that the conviction will prohibit him from continuing work in his professional discipline.
[2] At oral arguments in the case sub judice, counsel for appellant made it clear that the motion before the trial court was not a Motion to Withdraw the Guilty Plea. *Page 1