THE STATE EX REL. JACKSON, APPELLANT, *v.* BRIGANO, WARDEN, APPELLEE.

[Cite as *State ex rel. Jackson v. Brigano* (2000), 88 Ohio St.3d 180.]

(No. 99–2001—Submitted February 9, 2000—Decided March 8, 2000.)

*Mark A. Jackson*, pro se.

*Betty D. Montgomery*, Attorney General, and *Mark J. Zemba*, Assistant Attorney General, for appellee.

---

***Per Curiam.*** Jackson asserts that the court of appeals erred in dismissing his habeas corpus petition. The court of appeals properly dismissed the petition because Jackson failed to state a claim upon which extraordinary relief in habeas corpus can be granted.

Any alleged error caused by the failure to file a criminal complaint is not cognizable in habeas corpus because Jackson was convicted and sentenced upon an indictment. *State ex rel. Dozier v. Mack* (1999), 85 Ohio St.3d 368, 369, 708 N.E.2d 712, 713; *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465.

In addition, "it is now well established that even if an arrest is illegal it does not affect the validity of subsequent proceedings based on a valid indictment nor furnish [a] ground for release by habeas corpus after conviction." *Krauter v. Maxwell* (1965), 3 Ohio St.2d 142, 144, 32 O.O.2d 141, 142, 209 N.E.2d 571, 573; *State v. Fairbanks* (1972), 32 Ohio St.2d 34, 41, 61 O.O.2d 241, 246, 289 N.E.2d 352, 357.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.