LYNCH, APPELLANT, *v.* WILSON, WARDEN, APPELLEE.

[Cite as *Lynch v. Wilson,* 114 Ohio St.3d 118, 2007-Ohio-3254.]

(No. 2007–0274—Submitted June 6, 2007—Decided July 11, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition does not state a viable habeas corpus claim, we affirm.

{¶ 2} In 2004, appellant, Cedric Lynch, was convicted of engaging in a pattern of corrupt activity, possession of cocaine, and possession of criminal tools and was sentenced to an aggregate prison term of seven years. On appeal, the court of appeals rejected Lynch's argument that his conviction for engaging in a pattern of corrupt activity was against the manifest weight of the evidence. *State v. Lynch,* Lorain App. No. 04CA008531, 2005-Ohio-2401, 2005 WL 1163024, at ¶ 8–12. We did not accept Lynch's appeal to this court for review. *State v. Lynch,* 106 Ohio St.3d 1546, 2005-Ohio-5343, 835 N.E.2d 728.

{¶ 3} In April 2006, Lynch filed a motion to vacate his judgment of conviction and sentence, which the trial court denied. On appeal, the court of appeals affirmed. *State v. Lynch,* Lorain App. No. 06CA008938, 2006-Ohio-5813, 2006 WL 3173999. In his motion, which the court of appeals treated as a petition for postconviction relief, Lynch argued that the trial court lacked jurisdiction to convict and sentence him for engaging in a pattern of corrupt activity because he was found guilty of only one predicate offense. Id. at ¶ 5–6. The court of appeals held that Lynch was not entitled to postconviction relief because (1) res

judicata barred him from raising a claim that he could have raised on direct appeal and (2) the postconviction-relief petition was not timely. Id. at ¶ 9–11.

{¶ 4} Lynch thereafter filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel appellee, Richland Correctional Institution Warden Julius Wilson, to release him from prison. Lynch again claimed that the trial court lacked jurisdiction to convict and sentence him for engaging in a pattern of corrupt activity because there was only one predicate offense. In January 2007, the court of appeals dismissed the petition.

{¶ 5} We affirm the judgment of the court of appeals. Lynch's claim that there was insufficient evidence to support his conviction and sentence for engaging in a pattern of corrupt activity is not cognizable in habeas corpus. "[H]abeas corpus is not available to remedy claims concerning * * * the sufficiency of the evidence." *State ex rel. Tarr v. Williams,* 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4. See, also, *Caudill v. Brigano,* 100 Ohio St.3d 37, 2003-Ohio-4777, 795 N.E.2d 674, ¶ 3 (applying general rule to habeas corpus petition challenging convictions and sentence for several crimes, including engaging in a pattern of corrupt activity).

{¶ 6} Lynch could have raised this claim in a direct appeal or petition for postconviction relief. In fact, insofar as Lynch has already raised this claim, res judicata bars him from raising it again. See, e.g., *State ex rel. Rash v. Jackson,* 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12.

{¶ 7} Finally, even if these other remedies are no longer available to Lynch, he is not thereby entitled to an extraordinary writ. *Jackson v. Wilson,* 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

Cedric Lynch, pro se.

Marc Dann, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.