CHRISTIAN, APPELLANT, *v.* GANSHEIMER, WARDEN, APPELLEE.

[Cite as *Christian v. Gansheimer,* 118
Ohio St.3d 235, 2008-Ohio-2219.]

(No. 2008–0284—Submitted May 6, 2008—Decided May 14, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition fails to state a viable claim and is barred by res judicata, we affirm.

{¶ 2} Appellant, Alan J. Christian, was convicted of felonious assault on a peace officer with a firearm specification and was sentenced to prison. On appeal, the Court of Appeals for Mahoning County affirmed. *State v. Christian,* Mahoning App. No. 02 CA 170, 2005-Ohio-1440, 2005 WL 704866. The court of appeals also denied Christian's motion for judgment for failure to prosecute and want of jurisdiction, in which he claimed that the trial court had lacked jurisdiction over his case because the notary public who witnessed the criminal complaint "impersonated" the police chief's oath and signature. See *State v. Christian,* Mahoning App. No. 02 CA 170, 2005-Ohio-2381, 2005 WL 1152098.

{¶ 3} Christian subsequently filed a habeas corpus petition in this court in which he raised the same claim concerning the allegedly defective criminal complaint. We dismissed the petition. *Christian v. Gansheimer,* 114 Ohio St.3d 1406, 2007-Ohio-2632, 867 N.E.2d 841.

{¶ 4} Christian then filed a petition for a writ of habeas corpus in the Court of Appeals for Ashtabula County raising the same claim. After the case was transferred to the Court of Appeals for Allen County on a motion for change of venue, the court of appeals dismissed the petition.

{¶ 5} We affirm the judgment of the court of appeals. An extraordinary writ is not available to challenge the validity or sufficiency of a charging instrument, and Christian had an adequate remedy at law by appeal to raise his claim. *State ex rel. Elko v. Suster,* 110 Ohio St.3d 212, 2006-Ohio-4248, 852 N.E.2d 731, ¶ 3. Any defect concerning the criminal complaint is not cognizable in habeas corpus because Christian was convicted and sentenced upon a subsequent valid charging instrument. See *State ex rel. Jackson v. Brigano* (2000), 88 Ohio St.3d 180, 181,

724 N.E.2d 424; *Sopko v. Maxwell* (1965), 3 Ohio St.2d 123, 124, 32 O.O.2d 99, 209 N.E.2d 201.

{¶ 6} Moreover, res judicata bars Christian from raising the same issue he previously raised in an appeal and in his prior habeas corpus case. *Lynch v. Wilson,* 114 Ohio St.3d 118, 2007-Ohio-3254, 868 N.E.2d 982, ¶ 6; *Everett v. Eberlin,* 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8 (res judicata bars successive habeas corpus petitions).

{¶ 7} Therefore, the court of appeals correctly dismissed Christian's petition, and we affirm the judgment.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Alan J. Christian, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.