Judgment reversed<br>and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Graydon, Head & Ritchey, L.L.P., and John C. Greiner, for appellant.

Rachel A. Hutzel, Warren County Prosecuting Attorney, and Keith W. Anderson and Mary K. Martin, Assistant Prosecuting Attorneys, for appellee.

MCCULLER, APPELLANT, *v.* HUDSON, WARDEN, APPELLEE.

[Cite as *McCuller v. Hudson,* 121 Ohio St.3d 168, 2009-Ohio-721.]

(No. 2008–1986—Submitted February 18, 2009—Decided February 24, 2009.)

#### Per Curiam.

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Charles McCuller, for a writ of habeas corpus. Even assuming that the court of appeals erred in denying McCuller's motion to amend his petition as moot, the court of appeals correctly dismissed the petition. A reviewing court will not reverse a correct judgment even if the lower court's reasons were erroneous. *Goudlock v. Voorhies,* 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 12. McCuller's claims raised in his petition and his motion to amend the petition are not cognizable in habeas corpus. *Christian v. Gansheimer,* 118 Ohio St.3d 235, 2008-Ohio-2219, 887 N.E.2d 1175, ¶ 5 ("An extraordinary writ is not available to challenge the validity or sufficiency of a charging instrument"); *State v. Colon,* 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, ¶ 5 ("the rule announced in *Colon I* is prospective in nature and applies only to those cases pending on the date when *Colon I* was announced").

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Charles McCuller, pro se.

Richard Cordray, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.