**ELISTON GEORGE, Appellant/Petitioner**
**v.**
**JULIUS WILSON, DIRECTOR OF THE BUREAU OF CORRECTIONS,**
**Appellee/Respondent**

S. Ct. Civil No. 2011-0026

Supreme Court of the Virgin Islands

October 28, 2013

Eliston F. George, Keen Mountain Correctional Center, Oakwood, VA, *Pro se.*  .

TIFFANY V. MONROSE, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 28, 2013)

SWAN, *Associate Justice.* Appellant, Eliston George, appeals the Superior Court's March 25, 2011 Order denying his Petition for Writ of Habeas Corpus. George seeks relief from a life sentence for his 1978 convictions of First Degree Murder and Possession of a Dangerous Weapon. On appeal, George argues that the trial court erred in denying his Petition for Writ of Habeas Corpus because the trial court: (1) declined to address the proffered statement of a purported eyewitness, Ralph Gumbs; (2) declined to address George's claim that the jury instructions, which excluded a self-defense instructions in his 1978 jury trial, violated his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution; and (3) treated his Petition for a Writ of Habeas Corpus as a Motion for a New Trial. For the reasons explicated below, we affirm the

Superior Court's Order denying George's Petition for Writ of Habeas Corpus.

## I. FACTS & PROCEDURAL HISTORY

George has had a protracted filing history with the Virgin Islands court system which consists of the filing of multiple duplicate motions and duplicate Petitions for Writ of Habeas Corpus. Most of this filing history can only be fathomed from the plethora of orders and opinions of several courts, which have addressed these various motions and petitions and which have delineated the facts and the extensive procedural history in this case. George does not contest these facts nor does he submit any documents which establish a deviation from the facts and procedural history chronicled in these opinions and orders. Consequently, we will rely on the facts as provided by these documents.

On September 8, 1978, George was convicted in the District Court of the Virgin Islands ("District Court") of murder in the first degree and possession of a deadly weapon.[1] (J.A. at 37.) George was sentenced to imprisonment for the remainder of his natural life without parole. (J.A. at 40.) Thereafter, George filed a motion for reduction of sentence followed by a motion for a new trial which were both denied by the District Court. (J.A. at 5, 40.) On April 30, 1979, the United States Court of Appeals for the Third Circuit ("Court of Appeals") issued a decision affirming George's conviction. George then filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Following an evidentiary hearing, the petition was denied by the District Court on March 13, 1980. George filed a second Petition for Writ of Habeas Corpus in 1992 alleging ineffective assistance of counsel under section 2255. The District Court concluded that the grounds raised in the second petition had "all been raised and considered by th[e] Court in response to earlier motions;" therefore, on June 19, 1992, it denied the petition. (J.A. at 41.) George appealed the denial of his second Petition for Writ of Habeas Corpus to the Court of Appeals and that Court affirmed the

---

[1] At the time of George's case, the District Court of Virgin Islands served as a local, or territorial court when hearing cases based on local law. *See Parrott v. Gov't of the V.I.*, 230 F.3d 615, 619-20, 43 V.I. 277 (3d Cir. 2000). However, on October 1, 1991, Virgin Islands Code was amended and granted original jurisdiction over all local civil matters to the Virgin Islands Territorial Court, now named the Superior Court. *Id.*

District Court's denial of his second petition on May 13, 1993. George then filed a third petition for writ of habeas corpus, asserting a claim of ineffective assistance of counsel which was again denied by the District Court on July 18, 1994 because there were "no new grounds or compelling justification to entertain a [third] motion for habeas corpus relief." (J.A. at 41.)

According to the District Court's May 25, 2010 Opinion, addressing George's 2003 Motion for Late Appeal, George argued that while he was cleaning the storage room at the correctional facility where he was housed at the time, he learned that his attorney had filed a motion for a new trial which was denied by the District Court and that he was never informed of the motion or its denial. (J.A. at 41-42). In his Motion for Late Appeal, George requested that for these reasons the District Court should reconsider the time for him to file an appeal. The District Court concluded that George's motion was frivolous and held that he had the benefit of a direct appeal and was aware of both the motion for a new trial and the District Court's order denying the motion. Therefore, the District Court denied George's Motion for Late Appeal on February 6, 2004. (J.A. at 42.) In 2006 George filed a fourth Petition for Writ of Habeas Corpus with the Superior Court, which by 2006 had assumed jurisdiction over all local cases. The Superior Court denied the fourth Petition for Writ of Habeas Corpus on February 15, 2007.

George then returned to the District Court and filed a fifth Petition for Writ of Habeas Corpus alleging ineffective assistance of counsel and improper jury instructions at his 1978 jury trial. The District Court dismissed this petition because of George's failure to receive authorization from the Court of Appeals before filing a successive petition for writ of habeas corpus. In 2008, George filed a sixth Petition for Writ of Habeas Corpus in the District Court but this petition alleges his innocence in the first degree murder conviction. George argued in his petition that if his eyewitness, Ralph Gumbs, was allowed to testify he would have asserted that George was not guilty of first degree murder, because George acted in self-defense. The District Court again ruled that it lacked jurisdiction to consider the petition because it was filed without authorization from the Court of Appeals which is mandatory for filing a successive petition for writ of habeas corpus. In the Opinion, the District Court also held that George's claim of actual innocence is not based on any new evidence and does not constitute extraordinary circumstances as

required by the habeas corpus statute. Therefore, on May 25, 2010, the District Court dismissed the petition. Before the decision of the District Court was released, George returned to the Superior Court in 2009 and filed his seventh Petition for Writ of Habeas Corpus. On March 25, 2011, the Superior Court denied his petition, and George timely appeals the denial of his petition to this Court.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code states that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Williams v. People*, 55 V.I. 721, 727 (V.I. 2011); *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)); *see also Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) (same); *Rojas v. Two/Morrow Enters.*, 53 V.I. 684, 691 (V.I. 2010) (quoting *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)). "An order denying a petition for a writ of habeas corpus is a final order . . . from which an appeal may lie." *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 758 (V.I. 2012). The Superior Court entered such an Order in this matter on March 25, 2011.[2]

## III. STANDARD OF REVIEW

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010); *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). The standard of review for a claim of insufficiency of the evidence on a criminal conviction is whether there is substantial evidence, when viewed in the light most favorable to the government, to support the jury's verdict, such that a rational trier of fact could have found the presence of the essential elements of the crime beyond a reasonable

---

[2] Although George's trial was held in the District Court, the Superior Court has jurisdiction over his Motion for a New Trial because it was filed after the Superior Court obtained jurisdiction over all local matters. *See supra* note 2.

doubt. *Ritter v. People*, 51 V.I. 354, 359 (V.I. 2009); *see also United States v. Quiles*, 618 F.3d 383, 395 (3d Cir. 2010). The trial court's denial of George's habeas corpus petition is reviewed *de novo. Ibrahim v. Gov't of the V.I.*, S. Ct. Civ. No. 2007-0076, 2008 V.I. Supreme LEXIS 20, *2-3 (V.I. Jan. 18, 2008) (unpublished) (citing *Bakhtriger v. Elwood*, 360 F.3d 414, 417 (3d Cir.2004)).

## IV. ISSUES

A.  Whether the Superior Court erred in declining to consider George's claim of error in the final instructions to the jury.

B.  Whether the Superior Court erred in declining to consider the proffered statement of Ralph Gumbs, an alleged eyewitness, who did not testify at George's 1978 trial for first degree murder.

C.  Whether the Superior Court erred in treating a petition for a writ of habeas corpus as a motion for a new trial.

## V. DISCUSSION

In addressing George's claims, it is apparent that he is recycling the same issues and arguments which he has already propounded and advanced in his past filings in this case. Essentially, in 1978, the District Court served in the dual role of a federal court and a territorial court for Virgin Islands' cases involving violations of local criminal statutes. Hence, the United States Court of Appeals for the Third Circuit had the same jurisdictional role as we now have over the Superior Court. In litigating this case, George has filed approximately seven petitions for writ of habeas corpus with the local court system, a motion for a new trial, a motion for reduction of sentence, and a motion for late appeal. Importantly, the Court of Appeals has affirmed his convictions and sentence and has denied a least one of his several petitions for writ of habeas corpus.

Although this Court is still in its formative years, it has reviewed many petitions seeking habeas corpus relief. The topics addressed in these petitions have been varied. The issue in this case is also novel to the Court. Previously in *Ibrahim*, 2008 V.I. Supreme LEXIS 20 at *6, this Court affirmed the trial court's decision to deny appellant's first petition for writ of habeas corpus because we found that the record provided no evidence that he was "unlawfully imprisoned or restrained of his liberty."

989

In *In re Elliot*, 54 V.I. 423, 432 (V.I. 2010), we granted a writ of mandamus because the Superior Court provided no legitimate excuse for its failure to take action on his petition for a writ of habeas corpus when it was Elliot's "clear and indisputable" right. In *People v. Monsanto*, S. Ct. Civ. No. 2007-0129, 2009 V.I. Supreme LEXIS 21, *5 (V.I. Mar. 26, 2009) (unpublished), we reversed the granting of a petition of habeas corpus because the trial court relied on an inapplicable federal law when it granted petitioner's writ. In *Bryan v. People*, 56 V.I. 451, 459 (V.I. 2012),we reversed the denial of Bryan's first and only petition for writ of habeas corpus because we found his guilty plea was not knowing. We also recently published *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 367-77 (V.I. 2013), in which we declined to grant the writ of habeas petition because we concluded that the issues presented in his writ had already been determined on direct appeal and determined that writs cannot be used to challenge the sufficiency of the evidence.

■ The Court now has before it, a novel case in which George is requesting that we consider a petition for writ of habeas corpus that argues issues that have been previously argued and determined by other courts in previous petitions he has submitted. This being George's seventh submission of a petition for writ of habeas corpus, we find that the bombardment of the judiciary should be addressed using the equitable principle of the abuse of the writ doctrine. Under the abuse of the writ doctrine, a court is not required to consider a subsequent habeas corpus petition if the claim could have been raised earlier unless the petitioner can show "cause and prejudice." *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992) (citing *McCleskey v. Zant*, 499 U.S. 467, 492-95, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)). If the petitioner can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim" a successive petition would be considered. *Id.* The People have the burden of pleading abuse of the writ. *McCleskey*, 499 U.S. at 495. The People's burden is satisfied when it notes the "petitioner's prior writ history, [that] identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." *Id.* at 494.

■ ■ In the present case, the People have met their burden. The People's brief specifically delineates each time that George has filed a petition and the dates upon which those petitions were determined by a court. (Appellee's Br. at 2.) The People also highlight the important procedural history that George's writ of habeas corpus based on improper

jury instructions was ruled upon by the District Court in his 1978 Motion for a New Trial and by the Superior Court, which cited to the District Court's ruling. (Appellee's Br. at 4.) The disposition on this same issue was also affirmed by the Third Circuit on May 30, 1979. (*Id.*) In contrast, the record that the petitioner has presented to this Court is lacking as it does not provide any of the prior petitions and/or documentation of their dispositions. Further, the People's citation to *United States v. Hollis*, 569 F.2d 199, 206 (3d Cir. 1977) is particularly persuasive. *Hollis* states, "[w]here [a matter] has been litigated once and then to have another proceeding is to run a risk of needlessly overburdening the judicial system." *Id.* Therefore, George is precluded from re-litigating these issues again.

## A. The Superior Court did not err in declining to address George's jury instructions claim.

■ In his appeal, George first argues that the Superior Court erred in declining to address his jury instructions claim. As noted by the Superior Court, George has already raised this issue both on the trial level and on the appellate level. Specifically, this issue was raised in his 1978 motion for a new trial which was rejected by the District Court, acting as the local trial court and again rejected by the Court of Appeals. Subsequently, George also raised this issue in his 1992 Petition for Writ of Habeas Corpus which was again denied by the District Court, and which denial was affirmed by the Court of Appeals. George now raises the same issue in a subsequent petition for writ of habeas corpus. As stated in the section immediately above, George is precluded from re-litigating this issue that has already been decided on habeas petition. *See Christian v. Gansheimer*, 118 Ohio St. 3d 235, 2008 Ohio 2219, 887 N.E.2d 1175, 1176 (2008) (petitioner barred from pursuing habeas corpus petition raising the same issue he previously raised on appeal from conviction and prior habeas corpus case). The Superior Court appropriately declined to revisit this issue as it was already decided in the first instance on the trial level and again on appeal. Therefore, we affirm the disposition of the Superior Court on this issue.

## B. The Superior Court did not err in declining to address the proffered statement of the alleged eyewitness, Ralph Gumbs.

■ George also argues that the Superior Court erred in declining to address the proffered statement of his eyewitness, Ralph Gumbs. In its

March 25, 2011 Order, the Superior Court noted that it declined to address the issue concerning Ralph Gumbs' statement because:

> The issue of Gumb's [sic] testimony has already been addressed in Petitioner's 1978 Motion for a New Trial, which was denied by the District Court on January 16, 1979 and affirmed by the Third Circuit on May 30, 1979; his 2003 Petition for Writ of Error Coram Nobis (denied); his 2006 Petition for Writ of Habeas Corpus, which was denied by the Superior Court on February 15, 2007; and his 2006 Response to the Government's Motion to Dismiss.

(J.A. at. 38.) Here, the Superior Court maintains that the issue regarding the proffered statement by Ralph Gumbs had been previously raised and addressed on the trial level in various filings, including another filing of a Petition for Writ of Habeas Corpus with the trial court. In his brief, George does not indicate whether the Superior Court erred in finding that the issue had been raised in previous petitions filed by him but rather argues the merits as to why he was aggrieved by Ralph Gumbs not being able to testify. The trial court did not address the merit of George's claim; therefore, our role is only to decide whether the trial court erred in not reaching the merits of the claim and not to actually reach the merits of this claim. To reiterate, George raised this issue in a 2006 Petition for Writ of Habeas Corpus. He did not appeal the denial of the 2006 Petition for Writ of Habeas Corpus which likely considered the merits of this claim. Rather, in 2009 George filed a subsequent petition for writ of habeas corpus alleging the same issues before the Superior Court. Under the same rationale of refusing to permit repetitive filings that would have the effect of overburdening the judicial system by re-litigating the same issues in subsequent petitions, we find that the Superior Court was justified in not deciding this issue again on the merits. Therefore, we affirm the Superior Court's decision on this issue.

## C. Appellant was not aggrieved by the Superior Court treating his writ of habeas corpus as a motion for a new trial.

Next, George argues that the Superior Court erred in treating a petition for a writ of habeas corpus as a motion for a new trial. In support of his current Petition for Writ of Habeas Corpus, George submitted affidavits by two witnesses, Bradley Daniel and Alwyn Todman, claiming that during George's trial they perjured themselves at the direction of the

Government in an effort to secure the dismissal of unrelated charges against them. In its March 25, 2011 Order, the Superior Court characterized George's allegation that the government violated his Fifth and Fourteenth Amendment rights by using false evidence as a claim of newly discovered evidence. In so doing, the Superior Court held that a claim of newly discovered evidence is "more appropriately brought as a motion for a new trial." (J.A. at 38.) The Superior Court then concluded that the motion was untimely under Superior Court Rule 135, which requires that such a motion be filed within two years after final judgment. However, the Superior Court proceeded to rule on the merits of George's claim and held that "[b]ecause the Petitioner himself has acknowledged causing the death of the victim," George was not entitled to relief. Hence the Superior Court ruled on the merits of George's current (seventh) Petition for Writ of Habeas Corpus, despite its initial characterization of that petition as a motion for a new trial.

■ ■ The Superior Court erred when it construed George's new evidence claim in his habeas corpus petition as a motion for a new trial and dismissed it as untimely. This Court has previously held that a local rule may not be used to dismiss a litigant's due process or substantive rights. *Chavayez v. Buhler*, S. Ct. Civ. No. 2007-0060, 2009 V.I. Supreme LEXIS 26, *11 n.8 (V.I. June 25, 2009) (unpublished). There is no time limit within the habeas statute or case law that restricts a petitioner from raising a claim of new evidence. The Superior Court utilization of its own Rule 135 to dismiss George's new evidence claim was a violation of his statutory right to seek habeas relief.

Although the Superior Court erred, we decline to review George's claim as he has not provided this Court with the affidavits necessary to evaluate his claim of new evidence. It was George's burden to provide a complete and relevant record. *Goins v. Brierley*, 464 F.2d 947, 949 & n.4 (3d Cir. 1972) (citing *Hawk v. Olson*, 326 U.S. 271, 279, 66 S. Ct. 116, 90 L. Ed. 61 (1945)). Without the alleged affidavits, we decline to review George's claim of newly discovered evidence.

## VI. CONCLUSION

We affirm the Superior Court's March 25, 2011 Order denying George's seventh Petition for Writ of Habeas Corpus.