[Cite as *State v. Anderson*, 2015-Ohio-3803.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Ernest Anderson

        Appellant

Court of Appeals No. L-15-1078

Trial Court No. CR0201301175

**DECISION AND JUDGMENT**

Decided:  September 18, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

E. Anderson "EL," pro se.

* * * * *

**JENSEN, J.**

{¶ 1} Defendant-appellant, Ernest Anderson,[1] pro se, appeals the February 24, 2015 judgment of the Lucas County Court of Common Pleas denying his petition for postconviction relief.  For the reasons that follow, we affirm.

---

[1] Anderson refers to himself in his pleadings as "E. Anderson 'EL.'"

{¶ 2} Anderson was arrested on August 1, 2012, as law enforcement officers executed a search warrant issued by a judge of the Toledo Municipal Court. Following his on-scene arrest, complaints were filed against Anderson in the Toledo Municipal Court, but were ultimately nolled. On January 29, 2013, Anderson was indicted by a Lucas County Grand Jury on charges of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(c), trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(d), aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(b), aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2) and (C)(1)(c), trafficking in marijuana, in violation of R.C. 2925.03(A)(2) and (C)(3)(b), and tampering with evidence, in violation of R.C. 2921.12(A)(1) and (B). A jury found Anderson guilty of all counts, and in a judgment entry journalized on August 12, 2013, the trial court sentenced Anderson to an aggregate prison term of eight years and imposed fines totaling $25,000. Anderson elected not to file an appeal.

{¶ 3} On December 4, 2014, approximately 16 months after his sentencing entry was journalized, Anderson filed a petition for postconviction relief. The trial court denied Anderson's petition, holding that it was untimely filed and that his claims were barred by the doctrine of res judicata.

{¶ 4} Anderson appealed the trial court's February 24, 2015 judgment, and he assigns the following errors for our review:

2.

Statement of The Assignment of ERROR Presented For Review

# (1)

THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WITH WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT-MATTER JURISDICTION OF. [sic].

Statement of the Assignment of Error Presented For Review # (2)

The Post-Conviction/Trial Ct., Abused its Discretion to the prejudice of the Relator/Appellant by litigating a matter with which the Post-Conviction/Trial Ct., did not possess the Ohio Constitution's Article (IV) SECTION (1) JUDICIAL AUTHORITY, JURISDICTION, POWER VESTED THEREIN TO ACT AS U.S. CONSTITUTIONAL ARTICLE (III) SECTION (II) JUDICIAL OFFICER(S). [sic]

{¶ 5} Anderson's brief on appeal is difficult to understand and consists primarily of excerpts of cases cut and pasted together and underlined.  What he appears to argue as the basis for his first assignment of error is that the trial court lacked subject-matter jurisdiction, thereby rendering his convictions void.  He bases this claim on the Ohio Supreme Court's decision in *State v. Hoffman,* 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993, where the court affirmed the ruling of this court that that the Toledo Municipal Court's written checklist to its deputy clerks for evaluating requests for arrest warrants failed to instruct that they make a finding of probable cause before issuing an arrest warrant.  Anderson claims that the municipal court judge failed to make a probable

3.

cause determination before issuing a search warrant in this case, thus leading to the filing of invalid complaints, depriving the trial court of jurisdiction, and rendering his conviction void.

{¶ 6} Anderson's second assignment of error also challenges the trial court's jurisdiction, but the argument in support of his second assignment of error revolves around the purported failure of the state and the trial court to address the "second ground for relief" raised in his petition for postconviction relief.

{¶ 7} A petition for postconviction relief is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun,* 86 Ohio St.3d 279, 281 (1999). It is governed by R.C. 2953.21(A), which provides in relevant part:

> (1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
>
> * * *

We review the denial of a postconviction petition for an abuse of discretion. *State v. Gonzales,* 6th Dist. Wood No. WD-09-078, 2010-Ohio-4703, ¶ 14, citing *State v. Williams*, 165 Ohio App.3d 594, 2006-Ohio-617, 847 N.E.2d 495, ¶ 20 (11th Dist.).

**{¶ 8}** At the time Anderson filed his petition, R.C. 2953.21(A)(2) provided that where no direct appeal is taken, a petition for postconviction relief must be filed within 180 days after the expiration of the time for filing an appeal.[2] The trial court denied Anderson's petition as untimely. It also found that his claim was barred by the doctrine of res judicata because Anderson failed to challenge the validity of the search warrant on direct appeal. We agree with the trial court's conclusions, but we would also add that *Hoffman,* 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993, is inapplicable to the facts of this case, and that the subject-matter jurisdiction of the trial court was, in fact, properly invoked.

**{¶ 9}** First, as the state points out, Anderson was not arrested pursuant to a clerk-issued arrest warrant. *Hoffman* is, therefore, inapplicable. In any event, "the jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended. Thus, the illegality of the process by which one is taken into custody does not affect the validity of a subsequent conviction based upon a proper indictment or information." *Simpson v. Maxwell*, 1 Ohio St.2d 71, 203 N.E.2d 324 (1964). Here, following the nolle prosequi of the municipal court complaints, the grand jury entered a valid indictment against

---

[2] Effective March 23, 2015, R.C. 2953.21(A)(2) provides a 365-day deadline.

5.

Anderson. Accordingly, the trial court's subject-matter jurisdiction was properly invoked and Anderson's contention that his conviction is void is without merit.

{¶ 10} As to Anderson's second assignment of error, insofar as the court determined his petition to have been untimely filed and the issues raised to have been barred by res judicata, the trial court was not required to reach the merits of the second ground for relief raised in his petition.

{¶ 11} We find Anderson's assignments of error not well-taken.

**Conclusion**

{¶ 12} For the foregoing reasons, we affirm the February 24, 2015 judgment of the Lucas County Court of Common Pleas. The costs of this appeal are assessed to Anderson under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

                                                 JUDGE

Thomas J. Osowik, J.           

James D. Jensen, J.             _____
CONCUR.                                                  JUDGE

                                                _____

                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.