[Cite as *State v. Anderson*, 2018-Ohio-3300.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No. L-18-1003

     Appellee                             Trial Court No. CR0201301175

v.

Ernest M. Anderson, Jr.                    **DECISION AND JUDGMENT**

     Appellant                            Decided:  August 17, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Ernest M. Anderson, Jr., pro se.

* * * * *

**SINGER, J.**

**{¶ 1}** This appeal is from a judgment of the Lucas County Court of Common

Pleas.  For the reasons that follow, we affirm.

**{¶ 2}** Appellant, Ernest M. Anderson, Jr., was indicted on possession of cocaine,

trafficking in cocaine, possession of drugs, aggravated trafficking of drugs in the vicinity

of a school, trafficking in cannabis, and tampering with evidence. The case proceeded to a jury trial and, on April 30, 2013, the jury found appellant guilty on all counts. On August 7, 2013, the trial court accepted the verdicts and sentenced appellant to an aggregate prison term of eight years.

{¶ 3} Appellant made no direct appeal of the August 2013 judgment. Appellant did, however, file various postconviction motions. For example, he filed a "petition for reimbursement," a "jurisdictional challenge" based on the U.C.C., and a petition arguing he was a Moorish National and thus was not subject to the state government's jurisdiction. These motions were all denied.

{¶ 4} On October 4, 2017, appellant filed a "motion to release defendant Ernest Anderson on a void judgment entry and nullified judgment of conviction." Appellee filed a motion in opposition on November 6, 2017, and appellant filed a reply brief on November 28, 2017. The trial court denied appellant's motion, and its judgment entry was journalized on December 14, 2017.

{¶ 5} Appellant now appeals from that judgment, setting forth the following assignment of error:

I. The trial court lacked subject matter jurisdiction in this case no. G-4801-CR-020131175-000, because the Judgment is void, and nullified conviction the Journal Entry is invalid, under Crim.R. 32(C), and Sup.R. 7, and R.C. 2505.02 and the Ohio Const. Art. IV and 3(B)(2), the violated the United States Constitution of the 14th, and 5th Amendment, Due Process

2.

and Equal Protection of the law. The Supremacy Clause commands a state cause to apply federal law. This case is Void Judgment, and Nullified Conviction, on the Judgment Entry that is invalid. [Sic].

{¶ 6} Appellant did not file a direct appeal in the case and, as previously held by this court, most nonjurisdictional issues that could have been raised on direct appeal and were not, are res judicata and not subject to review in subsequent proceedings. *See State v. Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340, ¶ 14; *State v. Rice*, 6th Dist. Lucas No. L-12-1127, 2012-Ohio-6250, ¶ 7.

{¶ 7} Appellant, however, claims a jurisdictional issue in that he challenges the judgment of the trial court as void by arguing the court failed to comply with Crim.R 32(C).

{¶ 8} Appellee contends the trial court judgment was stated and imposed in compliance with Crim.R. 32(C).

{¶ 9} "In entering a final appealable order in a criminal case, a trial court must comply with Crim.R. 32(C)[.]" *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 10.

{¶ 10} Crim.R. 32(C) provides:

A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it

3.

on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 11} The overriding purpose of Crim.R. 32(C) "is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E. 142, ¶ 10.

{¶ 12} We find that the August 2013 sentencing entry complied with Crim.R. 32(C) and contained "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court[,]" pursuant to *Baker* and *Lester*. *Id*. at ¶ 8.

{¶ 13} Accordingly, appellant's assigned error is not well-taken.

## Conclusion

{¶ 14} The December 14, 2017 judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

4.

Mark L. Pietrykowski, J.          _____
                                                      JUDGE

Arlene Singer, J.          

                                  _____
Thomas J. Osowik, J.                                  JUDGE
CONCUR.

                                  _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.