[Cite as *State v. Anderson*, 2019-Ohio-3077.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.        |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 19-CA-9             |
| ERNEST ANDERSON          | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | OPINION                      |

CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court
                              of Common Pleas, Case No. 18CV841R

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 30, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MAURA O'NEILL JAITE                       ERNEST ANDERSON #688-244
Senior Assistant Attorney General         Richland Correctiona Institution
150 East Gay Street                       Box 8107
Columbus, OH 43215                        Mansfield, OH  44905

*Gwin, P.J.*

{¶1} Appellant Ernest Anderson ["Anderson"] appeals the January 14, 2019 Judgment Entry of the Richland County Court of Common Pleas that dismissed his petition for a writ of habeas corpus.

*Facts and Procedural History*

{¶2} Anderson was arrested on August 1, 2012, as law enforcement officers executed a search warrant issued by a judge of the Toledo Municipal Court. *State v. Anderson*, 6th Dist. Lucas No. L-15-1078, ¶2. Following his on-scene arrest, complaints were filed against Anderson in the Toledo Municipal Court, but were ultimately nolled. On January 29, 2013, Anderson was indicted by a Lucas County Grand Jury on charges of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(c), trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(d), aggravated possession of drugs, in violation of R.C. 2925 .11(A) and (C)(1)(b), aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2) and (C)(1)(c), trafficking in marijuana, in violation of R.C. 2925.03(A)(2) and (C)(3)(b), and tampering with evidence, in violation of R.C. 2921.12(A)(1) and (B). A jury found Anderson guilty of all counts, and in a judgment entry journalized on August 12, 2013, the trial court sentenced Anderson to an aggregate prison term of eight years and imposed fines totaling $25,000. Anderson elected not to file an appeal.

{¶3} Anderson did, however, file various post-conviction motions. For example, he filed a "petition for reimbursement," a "jurisdictional challenge" based on the U.C.C., and a petition arguing he was a Moorish National and thus was not subject to the state

government's jurisdiction.  These motions were all denied.  *State v. Anderson,* 6th Dist. Lucas No. l-18-1003, 2018-Ohio-3300, ¶3.

{¶4}   On October 18, 2013, while Anderson was imprisoned in Marion County, Anderson filed a R.C. Chapter 2725 petition for a writ of habeas corpus under Marion County Common Pleas Court Case No. 2013 CV 0635, *Ernest Anderson #A688-244 v. Neil Turner, Warden, et al.*  On October 30, 2013, the prior habeas trial court sua sponte dismissed Anderson's habeas petition for failure to state a cause of action upon which relief may be granted,  citing *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46.  The Third District Court of Appeals affirmed the dismissal on direct appeal.  *Anderson v. Turner*, 3rd Dist. Marion No. 9-13- 68, (Apr. 14, 2014).  *See,* Exhibit B attached to *Respondent's Civ.R.12 (B)(6) Motion to Dismiss and/or Summary Judgment Motion*, filed Dec. 26, 2018.  [Docket Number 9].

{¶5}   On December 4, 2014, approximately 16 months after his sentencing entry was journalized, Anderson filed a petition for post-conviction relief.  The trial court denied Anderson's petition, holding that it was untimely filed and that his claims were barred by the doctrine of res judicata.  *State v. Anderson*, 6th Dist. Lucas No. L-15-1078, ¶3.  The Court of Appeals affirmed the trial court's decision.  *Anderson, ¶*12.

{¶6}   On June 5, 2014, the Petitioner filed a writ of habeas corpus with the United States Supreme Court in case 14-5975.  It was denied on October 6, 2014. *In re Ernest M. Anderson,* 135 S.Ct. 310, 190 L.Ed.2d 239, 83 USLW 3195(Oct. 6, 2014).

{¶7}   Anderson filed a second petition for habeas in the Marion County Common Pleas Court on January 19, 2016.  It was dismissed on May 2, 2016, and he

appealed it to the Third District Court of Appeal on May 3, 2016 in case number 9-16-027.  The appeal was dismissed on July 8, 2016.  *See, Judgment Entry of Dismissal of Habeas Corpus*, filed Jan. 14, 2019 at 2.  [Docket Number 11].

**{¶8}**  On November 30, 2018, Anderson filed a petition for a writ of habeas corpus.  On December 26, 2018, the Office of the Ohio Attorney General filed a motion to dismiss and/or motion for summary judgment.  Anderson filed a reply on January 7, 2019.  Anderson claimed that the trial court lacked subject-matter jurisdiction, thereby rendering his convictions void.  He bases this claim on the Ohio Supreme Court's decision in *State v. Hoffman*, 141 Ohio St.3d 428, 2014–Ohio–4795, 25 N.E.3d 993, where the court ruled that the Toledo Municipal Court's written checklist to its deputy clerks for evaluating requests for arrest warrants failed to instruct that they make a finding of probable cause before issuing an arrest warrant.  Accordingly, the Ohio Supreme Court found the misdemeanor arrest warrants invalid.

**{¶9}**  By Judgment Entry filed January 14, 2019, the trial court dismissed Anderson's petition for a writ of habeas corpus.  The trial court found the petition was barred by res judicata.  The trial court further found that the trial court's jurisdiction was properly invoked by a valid indictment.

*Assignments of Error*

**{¶10}**  Anderson raises two assignments of error,

**{¶11}**  "I. THE TRIAL COURT ABUSED ITS DISCRETION TO DISMISS PETITIONER'S PETITION BASED UPON RESPONDENT'S DECEMBER 26, 2018 MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT.  PURSUANT CIV.R.56(C); CIV.R.1(A), HABEAS CORPUS PROCEEDINGS IS A SPECIAL STATUTORY PROCEEDING WHEREIN, CIV.R.56(C) CONFLICT WITH R.C.2725,et seq;

**{¶12}**  "II. THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WITH WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT MATTER JURISDICTION."

**PRO SE LITIGANTS.**

{¶13} We understand that Anderson has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶14} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See*, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See*, North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in the briefs that are outside of the record.

{¶15} In the interests of justice, we shall attempt to consider Anderson's assignments of error.

I. & II.

{¶16} After reviewing Anderson's brief including his contentions, we have interpreted his first assignment of error in the following manner: Whether the trial court abused its discretion by dismissing Anderson's petition under Civ.R. 12(B)(6) or Civ.R. 56.

{¶17} After reviewing Anderson's brief including his contentions, we have interpreted his Second Assignment of Error in the following manner: Whether the criminal trial court had jurisdiction to convict and sentence Anderson.

**STANDARD OF REVIEW.**

**{¶18}** A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**ISSUE FOR APPEAL.**

*If, after all factual allegations are presumed true and all reasonable inferences are made in Anderson's favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.*

**{¶19}** In *Christian v. Gansheimer*, the Ohio Supreme Court held,

An extraordinary writ is not available to challenge the validity or sufficiency of a charging instrument, and Christian had an adequate remedy at law by appeal to raise his claim. *State ex rel. Elko v. Suster*, 110 Ohio St.3d 212, 2006-Ohio-4248, 852 N.E.2d 731, ¶ 3. Any defect concerning the criminal complaint is not cognizable in habeas corpus because Christian was convicted and sentenced upon a subsequent valid charging instrument. *See State ex rel. Jackson v. Brigano* (2000), 88 Ohio St.3d 180, 181, 724 N.E.2d 424; *Sopko v. Maxwell* (1965), 3 Ohio St.2d 123, 124, 32 O.O.2d 99, 209 N.E.2d 201.

Moreover, res judicata bars Christian from raising the same issue he previously raised in an appeal and in his prior habeas corpus case. *Lynch v. Wilson*, 114 Ohio St.3d 118, 2007-Ohio-3254, 868 N.E.2d 982, ¶ 6; *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8 (res judicata bars successive habeas corpus petitions).

118 Ohio St.3d 235, 2008-Ohio-2219, 887 N.E.2d 1175, ¶5 -¶6.

{¶20} In the case at bar, Anderson could have challenged the validity or sufficiency of the charging document in a direct appeal. He did not. In any event, the Lucas County Court of Common Pleas acquired subject matter jurisdiction in Anderson's case.

{¶21} Venue and subject matter jurisdiction are distinct legal concepts. *See State v. Bobinchuck*, 9th Dist. Summit No. 19536, 2000 WL 1287296, *1 (Sept. 13, 2000). "'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004–Ohio–1980, ¶ 11. It is only when the trial court lacks subject matter jurisdiction that its judgment is void. Id. at ¶ 12. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." Id. at ¶ 11.

{¶22} The Ohio Supreme Court has recognized that the term "jurisdiction" encompasses three distinct concepts: 1) subject matter jurisdiction; 2) jurisdiction over the person; and 3) jurisdiction over the particular case. *State v. Parker*, 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting), *citing State v. Swiger*, 125 Ohio App.3d 456, 462, 708 N.E.2d 1033(9th Dist.1998), *abrogated on other grounds*, 100 Ohio St.3d 176, 2003–Ohio–5607. "The third category of jurisdiction encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. * * * Where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance." *Swiger*, 125 Ohio App.3d at 462–463, 708 N.E.2d 1033. When a trial court lacks subject matter jurisdiction its judgment is void; lack of

jurisdiction of the particular case merely renders the judgment voidable. Id., *citing Russell v. Russell*, 666 N.E.2d 943, 952(Ind.App.1996), *vacated on other grounds*, 682 N.E.2d 513.

{¶23} Ohio common pleas courts have "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03; *State v. Mitchell*, 5th Dist. Guernsey No. 07–CA–17, 2008–Ohio–101, ¶ 32. A common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962).

{¶24} In the case at bar, Anderson was indicted by the Lucas County Grand Jury on January 29, 2013. The indictment charged Anderson with several felonies that were alleged to have occurred in Lucas County, Ohio where the trial court is located. The Lucas County Court of Common Pleas therefore had subject-matter jurisdiction over Anderson's case. *See, State v. Poissant*, 5th Dist. Fairfield No. 08 CA 7, 2009–Ohio–4235, ¶ 20, *appeal not allowed*, 123 Ohio St.3d 1510, 917 N.E.2d 812, 2009–Ohio–6210.

{¶25} Moreover, res judicata bars Anderson from raising the same issue he previously raised in an appeal. In *State v. Anderson*, the Sixth District Court of Appeals held,

> First, as the state points out, Anderson was not arrested pursuant to a clerk-issued arrest warrant. *Hoffman* is, therefore, inapplicable. In any event, "the jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended. Thus, the illegality of the process by which one is taken into custody does not affect the validity of a subsequent conviction based upon a proper indictment or information." *Simpson v. Maxwell*, 1 Ohio St.2d 71, 203 N.E.2d 324

(1964). Here, following the nolle prosequi of the municipal court complaints, the grand jury entered a valid indictment against Anderson. Accordingly, the trial court's subject-matter jurisdiction was properly invoked and Anderson's contention that his conviction is void is without merit.

6th Dist. Lucas No. L-15-1078, 2015-Ohio-3803, ¶9.

{¶26} It is well established that when a habeas petition "fail[s] to state a facially valid habeas corpus claim, the court [is] entitled to dismiss it without prior notice under the basic, summary procedure provided in R.C. Chapter 2725." *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, *citing Chari v. Fore*, 91 Ohio St.3d 323, 327, 2001-Ohio-49, 744 N.E.2d 763. *See, State ex rel. Crigger v. Ohio Adult Parole Authority*, 82 Ohio St.3d 270, 271, 1998-Ohio-239, 695 N.E.2d 254.

{¶27} Similarly, the Ohio Supreme Court has expressly rejected Anderson's argument that Civ.R. 56(C) summary judgment is inapplicable to habeas corpus petition and contrarily affirmed a lower habeas court's dismissal under Civ.R. 56(C). *See Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385. In *Brooks, the Ohio Supreme Court specifically found,*

> The Rules of Civil Procedure are generally applicable in original actions for extraordinary writs, including habeas corpus actions. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 11, *citing State ex rel. Ahmed v. Costine*, 99 Ohio St.3d 212, 2003-Ohio-3080, 790 N.E.2d 330, ¶ 5, fn. 1 (prohibition and mandamus claims), and *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 150, 656 N.E.2d 1282 (1995) (habeas corpus claims). The court of appeals did not err by ruling on Kelly's motion for summary judgment under the Rules of Civil Procedure.

144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶6.

{¶28} The trial court correctly found that after all factual allegations are presumed true and all reasonable inferences are made in Anderson favor, it appears beyond doubt that Anderson could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.

{¶29} Anderson's First and Second Assignments of Error are overruled.

{¶30}  The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur