SIMPSON *v.* MAXWELL, WARDEN.

[Cite as Simpson v. Maxwell, Warden, 1 Ohio St. 2d 71.]

(No. 39160—Decided December 29, 1964.)

*Mr. John Simpson, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner in this action contends that he was arrested on a false and forged affidavit, that he was not legally responsible for the support of the children involved, and that during the period he allegedly did not support such children he was incapacitated as a result of an accident and could not work.

The jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended. Thus, the illegality of the process by which one is taken into custody does not affect the validity of a subsequent conviction based upon a proper indictment or information. *Jetter* v. *Maxwell, Warden,* 176 Ohio St., 219; *Brown* v. *Maxwell, Warden,* 174 Ohio St., 29. The irregularity of an arrest cannot be inquired into by habeas corpus after conviction. *Shelton* v. *Haskins, Supt.,* 176 Ohio St., 296.

The petitioner urges that he was not guilty of the offense charged. The guilt or innocence of an accused is not cognizable in habeas corpus. *Page* v. *Green, Supt.,* 174 Ohio St., 178; *Jackson* v. *Maxwell, Warden,* 174 Ohio St., 32; *In re Poage,* 87 Ohio St., 72. This is a question which must be raised by appeal.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, GRIFFITH, HERBERT and GIBSON, JJ., concur.