[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 453.]

TAYLOR, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *Taylor v. Mitchell*, 2000-Ohio-380.]

*Habeas corpus sought to compel prison warden to release relator from prison—*
*Dismissal of petition affirmed.*

(No. 99-2069—Submitted April 11, 2000—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Richland County, No. 99-CA-72.

———————————

{¶ 1} In June 1991, appellant, Gerald Taylor, abducted a woman at gunpoint in Bedford Heights, Ohio, and transported her to Cleveland, where he raped her. In October 1991, a Cuyahoga County jury found him guilty, as charged in the indictment, of two counts of rape, one count of kidnapping, and one count of aggravated robbery, with various specifications, and the trial court sentenced Taylor to an aggregate prison term of twenty-three to fifty years.

{¶ 2} In September 1999, Taylor filed a petition in the court of appeals for a writ of habeas corpus. Taylor claimed that his trial court lacked jurisdiction over his kidnapping and aggravated robbery charges because no criminal complaints were ever filed charging him with those offenses, and the Bedford Municipal Court lacked territorial and subject-matter jurisdiction over his rape charges because these offenses occurred in Cleveland.

{¶ 3} In October 1999, the court of appeals *sua sponte* dismissed the petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

———————————

*Gerald Taylor, pro se*.

*Betty D. Montgomery*, Attorney General, and *Michele M. Schoeppe*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 5} We affirm the judgment of the court of appeals. Any defect caused by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over the rape charges is not cognizable in habeas corpus. Taylor was convicted and sentenced upon an indictment regularly issued, and the common pleas court had jurisdiction to try, convict, and sentence him on the charged offenses. See *State ex rel. Dozier v. Mack* (1999), 85 Ohio St.3d 368, 369, 708 N.E.2d 712, 713; see, also, *Simpson v. Maxwell* (1964), 1 Ohio St.2d 71, 30 O.O.2d 40, 203 N.E.2d 324; *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590, 591 ("[A]fter a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.").[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

---

1. Taylor waived the additional claims he raises on appeal by failing to raise them in the court of appeals. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183.