[Cite as *State v Webb*, 2015-Ohio-3617.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-15-1099

       Appellee                                          Trial Court No. CR0201202500

v.

Christopher R. Webb                                **DECISION AND JUDGMENT**

       Appellant                                         Decided:  September 4, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda Majdalani, Assistant Prosecuting Attorney, for appellee.


Christopher R. Webb, pro se.

* * * * *

**JENSEN, J.**

{¶ 1} In this accelerated appeal, defendant-appellant, Christopher R. Webb, appeals the March 24, 2015 judgment of the Lucas County Court of Common Pleas denying his petition for post-conviction relief.  For the reasons that follow, we affirm.

## I. BACKGROUND

{¶ 2} On August 28, 2012, Toledo Police Officer Richard Molnar, Jr. obtained an arrest warrant from a deputy clerk of the Toledo Municipal Court after Webb confessed to shooting Charles Howe, III. Webb was charged with a violation of R.C. 2903.11(A)(2), felonious assault with a deadly weapon or dangerous ordnance, along with a firearm specification. A Lucas County grand jury issued an indictment against Webb on September 11, 2012, and Webb initially entered a plea of not guilty. On November 20, 2012, Webb withdrew his not guilty plea and entered a plea of guilty. He was sentenced on January 8, 2013. The sentencing entry was journalized on January 15, 2013.

{¶ 3} On December 4, 2014, nearly two years after his sentencing entry was journalized, Webb filed a petition for post-conviction relief in the trial court. His petition was based in large part on the Ohio Supreme Court's determination in *State v. Hoffman,* 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993, that the Toledo Municipal Court's written checklist to its deputy clerks for evaluating warrant requests failed to instruct that they make a finding of probable cause before issuing a warrant.

{¶ 4} The trial court denied Webb's petition as untimely, and it concluded (1) that Webb offered no documentary information indicating that the deputy clerk failed to make an independent determination of probable cause, and (2) that the arrest warrant recited sufficient facts to establish probable cause to issue a warrant.

{¶ 5} Webb appealed the trial court's March 24, 2015 judgment, and he assigns the following error for our review:

2.

THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WITH WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT-MATTER JURISDICTION DUE TO THE ABSENCE OF AN "INDEPENDENT" PROBABLE CAUSE DETERMINATION BEING CONDUCTED IN THE TOLEDO MUNICIPAL COURT, IN VIOLATION OF THE APPELLANTS [sic] FOURTH AMENDMENT RIGHTS AND THE FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

## II. LAW AND ANALYSIS

{¶ 6} Webb argues that the deputy clerk of the Toledo Municipal Court who issued his arrest warrant failed to make an independent probable cause determination, thus rendering his conviction void and depriving the trial court of subject-matter jurisdiction. He denies that his petition was untimely filed and urges that any proceedings that took place following the issuance of the allegedly invalid, non-binding warrant were void ab initio.

{¶ 7} A petition for postconviction relief is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun,* 86 Ohio St.3d 279, 281 (1999). It is governed by R.C. 2953.21(A), which provides in relevant part:

(1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the

3.

Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

> * * *

We review the denial of a post-conviction petition for an abuse of discretion. *State v. Gonzales,* 6th Dist. Wood No. WD-09-078, 2010-Ohio-4703, ¶ 14, citing *State v. Williams,* 165 Ohio App.3d 594, 2006-Ohio-617, 847 N.E.2d 495, ¶ 20 (11th Dist.).

{¶ 8} At the time Webb filed his petition, R.C. 2953.21(A)(2) provided that where no direct appeal is taken, a petition for post-conviction relief must be filed within 180 days after the expiration of the time for filing an appeal.[1] The trial court denied Webb's petition as untimely. It also found that there was no evidence that the deputy clerk did not make a probable cause determination and, in fact, the warrant recited sufficient facts from which a probable cause determination could be made. However, we conclude that regardless of whether the warrant was issued with or without probable cause—an issue we expressly decline to reach— Webb's argument fails.

{¶ 9} "The jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended. Thus, the illegality of the process by which one is taken into

---

[1] Effective March 23, 2015, R.C. 2953.21(A)(2) provides a 365-day deadline.

4.

custody does not affect the validity of a subsequent conviction based upon a proper indictment or information." *Simpson v. Maxwell*, 1 Ohio St. 2d 71, 203 N.E.2d 324 (1964). Here, the grand jury entered a valid indictment against Webb. Accordingly, the trial court's subject-matter jurisdiction was properly invoked and Webb's contention that his conviction is void is without merit.

{¶ 10} We find Webb's assignment of error not well-taken.

### III. CONCLUSION

{¶ 11} For the foregoing reasons, we affirm the March 24, 2015 judgment of the Lucas County Court of Common Pleas. The costs of this appeal are assessed to Webb under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
 
_____
JUDGE

Stephen A. Yarbrough, P.J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.