[Cite as *State v. Taylor*, 2015-Ohio-3805.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                              Court of Appeals No. L-15-1116

      Appellee                                      Trial Court No. CR0201401705

v.

Laron D. Taylor                                        **DECISION AND JUDGMENT**

      Appellant                                      Decided:  September 18, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.


Laron D. Taylor, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas, denying appellant's, Laron Taylor, R.C. 2953.21 petition for postconviction relief.

For the reasons that follow, we affirm.

{¶ 2} On March 3, 2014, criminal complaints were filed against appellant in the Toledo Municipal Court, alleging multiple drug offenses. The Toledo Municipal Court docket entry for that date indicates "Affidavit Filed 03/03/2014 20:26. Warrant returned, service made. Defendant arrested and booked into Lucas County Corrections Center on 03/03/2014 16:00." On March 4, 2014, appellant was arraigned, a public defender was assigned, appellant entered an initial plea of not guilty, and bond was set. On April 3, 2014, appellant consented to be bound over to the Lucas County Grand Jury. On April 30, 2014, the Lucas County Grand Jury returned a four-count indictment against appellant, charging him with (1) aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(c), a felony of the second degree, (2) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a felony of the first degree, (3) possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree, and (4) trafficking in heroin in violation of R.C. 2925.03(A)(2) and (C)(6)(b), a felony of the fourth degree.

{¶ 3} On July 9, 2014, appellant, in open court, withdrew his initial plea of not guilty, and also withdrew his pending motions to suppress, and entered a plea of no contest to count one, aggravated possession of drugs, a felony of the second degree, and count four as amended to trafficking in heroin, a felony of the fifth degree. The remaining two counts were nolled. The trial court proceeded immediately to sentencing, and ordered appellant to serve a three-year prison term on count one, and an 11-month

2.

prison term on count four. The court further ordered those terms to be served concurrently. Appellant did not file a direct appeal from his conviction.

{¶ 4} On January 14, 2015, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. Appellant's petition centered on the theory that the trial court lacked jurisdiction over the criminal matter because the initial warrant issued by the Toledo Municipal Court was defective because it was issued without an independent probable cause determination as highlighted in *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993. This petition was denied by the trial court on April 2, 2015.

**Assignments of Error**

{¶ 5} Appellant has timely appealed the trial court's April 2, 2015 judgment, assigning two errors for our review:

(1) THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WITH WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT-MATTER JURISDICTION OF.

(2) The Post-Conviction/Trial Ct., Abused its Discretion to the prejudice of the Relator/Appellant by litigating a matter with which the Post-Conviction/Trial Ct., did not possess the Ohio Constitution's Article (IV) section (1) JUDICIAL AUTHORITY, JURISDICTION, POWER VESTED THEREIN TO ACT AS U.S. CONSTITUTIONAL ARTICLE (III) SECTION (II) JUDICIAL OFFICER(S).

3.

Because appellant's assignments of error are interrelated, we will address them together.

{¶ 6} At the outset, we note that a trial court's decision granting or denying a postconviction relief petition is reviewed for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶ 7} In his pro se brief on appeal, appellant makes similar arguments to the ones that he raised in the trial court, namely that the trial court lacked jurisdiction because the warrants issued by the Toledo Municipal Court were invalid.

{¶ 8} However, in this case, the validity of the warrants from the Toledo Municipal Court is inconsequential to the jurisdiction of the Lucas County Court of Common Pleas. Even if the warrants were issued without a determination of probable cause, and thus appellant's arrest was unconstitutional—a determination we expressly do not make—the Lucas County Court of Common Pleas still had jurisdiction over appellant's criminal case because appellant was indicted by the Lucas County Grand Jury. *See Simpson v. Maxwell*, 1 Ohio St.2d 71, 203 N.E.2d 324 (1964) ("The jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended. Thus, the illegality of the process by which one is taken into custody does not affect the validity of a subsequent conviction based upon a proper indictment or information."). Thus, because a valid indictment was entered, the trial court had jurisdiction, and appellant's exhortations that his conviction is void are without merit.

{¶ 9} Accordingly, appellant's assignments of error are not well-taken.

**{¶ 10}** For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                      _____
                                                               JUDGE

Thomas J. Osowik, J.

                                      _____
Stephen A. Yarbrough, P.J.                                      JUDGE
CONCUR.

                                      _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.