[Cite as *Bridges v. Gray*, 2023-Ohio-1661.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

ANDREY L. BRIDGES,

Petitioner-Appellant,

v.

DAVID GRAY, WARDEN,

Respondent-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 BE 0034

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CV 227

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Andrey L. Bridges, pro se,* Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, Ohio 44905, Petitioner-Appellant and

*Atty. Dave Yost*, Ohio Attorney General, *Atty. Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215 for Respondent-Appellee.

Dated:  May 5, 2023

**Robb, J.**

{¶1} Petitioner-Appellant Andrey Bridges appeals the decision of the Belmont County Common Pleas Court denying his Civ.R. 60(B) motion for relief from the dismissal of the writ of habeas corpus action he filed against Respondent-Appellee David Gray, Warden. For the following reasons, the trial court's judgment is affirmed.

Statement of the Case

{¶2} On November 29, 2021, Appellant filed a petition for a writ of habeas corpus against the warden of the Belmont Correctional Institution, where he was incarcerated on two Cuyahoga County Common Pleas Court cases. His probation in the first case was revoked after he was convicted in the second case of murder, tampering with evidence, and gross abuse of a corpse. He was sentenced on November 13, 2013, to 18.5 years to life in CR-13-574201 consecutive to 17 months in CR-11-552512.

{¶3} Appellant's habeas petition claimed the judgment of conviction in CR-13-574201 was void for lack of jurisdiction where the prosecutor filed a complaint in the Cuyahoga County Common Pleas Court and a grand jury indicted him before a preliminary hearing. Stating he was deprived of the opportunity to dispute probable cause for his detention, he argued a complaint should have been filed in Berea Municipal Court (in Cuyahoga County) where a preliminary hearing (and bindover) would be required before the common pleas court could obtain jurisdiction.

{¶4} The warden filed a motion to dismiss the habeas action, arguing Appellant: failed to attach the sentencing entry in CR-11-552512; did not serve his maximum sentence; and did not otherwise allege a ground for immediate release as he had an adequate legal remedy to raise his non-jurisdictional argument. In making the latter argument, the warden pointed out Appellant could have raised the issue in a direct appeal of his conviction, citing res judicata principles and case law stating a court's jurisdiction to enter a conviction is based on the indictment, not the arrest or complaint.

{¶5} Appellant's reply pointed to the evidence attached to his petition, which showed his attempts to obtain the final sentencing entry in CR-11-552512 and which included alternative documents showing he was sentenced in that case to 17 months to

run consecutively to CR-13-574201. He also emphasized if a sentencing judgment is void, then habeas is an appropriate remedy regardless of the ability to raise the issue in a prior appeal.

{¶6} On January 25, 2022, the trial court dismissed the habeas petition (with the clerk noting service on the docket the same day). The court agreed dismissal was warranted due to missing commitment papers and alternatively agreed the petition did not state a claim for habeas. The court cited case law holding a preliminary hearing was not required after indictment and Crim.R. 5(B), which states, "The preliminary hearing shall not be held, however, if the defendant is indicted." The court concluded the allegation was non-jurisdictional and Appellant had an adequate remedy of law to raise it during an appeal from his conviction.

{¶7} On January 31, 2022, Appellant filed a motion to reconsider and for findings of fact and conclusions of law. In denying the request, the court pointed out the motion to reconsider a final order was a nullity and findings of fact and conclusions of law were not required. (2/2/22 J.E.) (with the clerk noting service on the docket the same day).

{¶8} Appellant also sent a letter to the clerk saying he was transferred to Richland Correctional Institution on January 31, 2022. He claimed mail sent to Belmont Correctional Institution would thus be returned to the clerk and asked the clerk to send a copy of the January 25, 2022 judgment to his new address. The letter was file-stamped February 11, 2022, and the clerk noted on the docket an additional mailing of the final entry.

{¶9} On March 17, 2022, Appellant filed a notice of appeal and motion for delayed appeal. This court dismissed the appeal as untimely under App.R. 4(A), pointing out App.R. 14(B) prohibits enlargement of the time to appeal and App.R. 5(A) does not allow a delayed appeal in a civil case. *Bridges v. Warden*, 7th Dist. Belmont No. 22 BE 7 (5/10/22 J.E.). We noted a claim related to service in a civil case could be presented in the trial court under Civ.R. 60(B). *Id.*, citing *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935, 76 N.E.3d 653, ¶ 27-28 (7th Dist.) (*Summers II*) (after dismissal of an untimely initial appeal in *Summers I*).

{¶10} On June 1, 2022, Appellant filed a Civ.R. 60(B) motion for relief from judgment in the habeas action. First, he cited our May 10, 2022 entry dismissing his

appeal and argued he was entitled to an additional 30 days in order to file a timely appeal because he failed to receive notice of the judgment. He claimed the lateness of the appeal was out of his control as he was transferred soon after the entry was mailed to his former prison. He also claimed he tried to file a notice of appeal after the clerk's February 11, 2022 resending of the judgment to the new prison, but it was never received by the clerk.

{¶11} The motion for relief also made the following arguments about the trial court's dismissal entry: the court failed to recognize he attempted to obtain his sentencing entry in CR-11-552512 and attached other documents sufficiently showing his commitment; the court overlooked the jurisdictional nature of his claim (indictment without an opportunity to challenge probable cause at a preliminary hearing); he was thus not required to serve the maximum sentence to seek habeas; and res judicata should not be addressed via a Civ.R. 12(B)(6) motion.

{¶12} The warden's response argued Appellant had no meritorious claim due to lacking commitment papers or an adequate legal remedy and was not entitled to relief as a motion for relief is not a substitute for appeal or a method to circumvent appellate time limits. Appellant filed a motion "for leave" to file a request for a jury demand and oral hearing, merging an inapplicable request for a jury trial with a request for a hearing under local rules; notwithstanding his incarceration, he did not request alternative means of appearing. He then filed his reply in support of his Civ.R. 60(B) motion.

{¶13} On July 15, 2022, the trial court overruled Appellant's motion for relief from judgment, stating he failed to establish a ground for relief under Civ.R. 60(B) and was not entitled to additional time to appeal.[1] The within appeal followed.

### Jurisdiction on Habeas Petition, 60(B) Motion, and Appeal

{¶14} Initially, we address jurisdictional contentions made by both parties. Specifying that incorrect jurisdiction renders the writ void, the statute setting the jurisdiction for determining a request for a writ of habeas corpus provides:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other

---

[1] The court also explained he could not move for a new trial under Civ.R. 59 as there was no trial.

Case No. 22 BE 0034

than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

R.C. 2725.03. "The proceedings upon a writ of habeas corpus * * * may be reviewed on appeal as in other cases." R.C. 2725.26.

{¶15} Accordingly, "When a prisoner files a habeas petition in a county other than where he is incarcerated, the court of that county lacks jurisdiction to decide the merits of the petition." *Baker v. Miller*, 7th Dist. Belmont No. 11 BE 28, 2011-Ohio-5470, ¶ 5, citing *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, ¶ 1 (reversing for dismissal of habeas petition filed in the wrong county's appellate court even though the same court covered the county where the petitioner was held). Likewise, if a petition for habeas is originally filed in the proper appellate court but the petitioner is then transferred to a prison in a county in a different appellate court, then the court of filing loses jurisdiction and must dismiss the petition. *State ex rel. Robinson v. Fender*, __ Ohio St.3d __, 2022-Ohio-3701, __ N.E.3d __, ¶ 4-6.

{¶16} The warden claims Appellant admits the trial court had no jurisdiction to determine his petition for a writ due to his transfer; the warden also extrapolates that if the trial court had no jurisdiction below, then the appellate court has no jurisdiction. The warden's initial argument appears to be based on a misreading of Appellant's brief as stating he was transferred on January 24, 2022 (which was the day before the trial court dismissed Appellant's petition). However, this was the day Appellant said he was notified of a transfer. Throughout the proceedings, there was no dispute Appellant was transferred on January 31, 2022, which was after the dismissal of the petition. When Appellant filed the habeas petition in Belmont County, he was incarcerated in that county. Because he was still there when the trial court dismissed the petition on January 25, 2022, the trial court had jurisdiction in the writ action. R.C. 2725.03.

{¶17} Appellant claims the trial court lacked jurisdiction to rule on his Civ.R. 60(B) motion because he was transferred to a prison in Richland County on January 31, 2022 and was no longer incarcerated in Belmont County when he moved for relief from the

January 25, 2022 judgment or when the court denied the motion. He contends we should dismiss this appeal for lack of appellate jurisdiction but simultaneously asks this court to dismiss all underlying proceedings in order to eliminate the January 25, 2022 entry dismissing his habeas petition with prejudice.[2]

**{¶18}** While the trial court was not asked to determine whether it had jurisdiction to rule on the Civ.R. 60(B) motion after Appellant's prison transfer, this jurisdictional question is implicated by both parties on appeal and must be addressed as it involves an evaluation of whether a judgment is void under R.C. 2725.03. For instance, as the lack of subject matter jurisdiction renders a judgment void, it can be raised at any time and is not subject to waiver or res judicata merely because it could have been raised in an earlier proceeding. *See State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17; *State v. Wilson*, 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995), fn. 6.

**{¶19}** Initially, we point out the status of the trial court's jurisdiction when a petitioner files a Civ.R. 60(B) motion would not retroactively eliminate that court's jurisdiction at the time it issued a final order dismissing a habeas petition. Appellant fails to realize that even if the trial court lacked jurisdiction to rule on his Civ.R. 60(B) motion, only the judgment denying the Civ.R. 60(B) motion would be eliminated. This would leave the case in the same position as before the motion and ruling (i.e., there would still be an order dismissing the habeas petition with prejudice). We also note for Appellant's benefit that relief from judgment does not result in an opposite judgment. Likewise, a dismissal for lack of appellate jurisdiction on a Civ.R. 60(B) appeal would not eliminate a prior final order dismissing a habeas petition. Hence, a finding that the trial court lacked jurisdiction to rule on his Civ.R. 60(B) motion would not assist Appellant.

**{¶20}** If the trial court had jurisdiction to eliminate its January 25, 2022 dismissal judgment through a Civ.R. 60(B) motion and if Appellant was entitled to relief from judgment, *then* the question of the trial court's jurisdiction to determine the reactivated petition for the writ would arise. At that point, if a petitioner was not incarcerated in the county of a pending petition, then a trial court would be required to dismiss the petition

---

[2] He also asked this court to eliminate all prior lower court judgments in a "Motion to Leave Appeal" filed in this case. We denied the motion on September 9, 2022. We had to stay this case because he appealed that decision to the Ohio Supreme Court. The Supreme Court declined jurisdiction on January 17, 2023.

for lack of jurisdiction. This is essentially what Appellant is seeking (from us) in his reply brief, for a dismissal of the appeal with a dismissal of all proceedings in the lower court case number.

{¶21} However, a trial court has jurisdiction to rule on the Civ.R. 60(B) motion for relief from a habeas dismissal even after a petitioner has been transferred out of that county. The decision to grant relief from a dismissal would not "issue or determine a writ of habeas corpus for his production or discharge" as prohibited under R.C. 2725.03. This statute does not prohibit a court from merely granting relief from its prior judgment dismissing the writ. (Again, only if a petitioner were to gain relief from judgment would the trial court's jurisdiction to issue or determine a writ arise.) We thus proceed to address the assertions in Appellant's brief contesting the denial of Civ.R. 60(B) relief.

<u>Civ.R. 60(B)</u>

{¶22} We review the denial of a Civ.R. 60(B) motion under an abuse of discretion standard of review. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 684 N.E.2d 1237 (1997). An abuse of discretion exists where the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Id.* A Civ.R. 60(B) movant must demonstrate all of the following: (1) entitlement to relief under one of the five grounds listed in the rule; (2) the existence of a meritorious defense or claim to present if relief is granted; and (3) the filing of the motion within a reasonable time (within one year for the first three grounds). *GTE Automatic Electric, Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976).

{¶23} Appellant's motion relied on the ground in (B)(1) (mistake, inadvertence, surprise, or excusable neglect) and the ground in (B)(5) (any other reason justifying relief from the judgment). The fifth ground is a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but (B)(5) is not a substitute for a more specific ground and the reason must be substantial. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). *See also Coulson v. Coulson*, 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983) (includes active participation in a fraud upon the court by an officer of the court such as an attorney).

{¶24} Appellant's brief sets forth five assignments of error. The last assignment of error argues Appellant was entitled to relief due to the circumstances surrounding his

failure to file a timely appeal.  The first through fourth assignments of error contest the trial court's January 25, 2022 dismissal of the habeas action, arguing the trial court erred in dismissing the action.  However, "it is well-established the mistake discussed in (B)(1) involves the mistake of the parties, not the mistake of the trial court, and an appeal is the remedy for a trial court's mistake (otherwise the movant would be essentially asking for reconsideration of a final judgment)." *Stalder v. Gatchell*, 7th Dist. Monroe No. 20 MO 0010, 2022-Ohio-1325, ¶ 4 (citing cases).  Where a Civ.R. 60(B) movant relies on an alleged error in dismissing his habeas petition, he is essentially using the motion for relief from judgment as a substitute for appeal, which is not permitted.  *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48, ¶ 3-5.

**{¶25}** Nevertheless, besides framing these arguments as grounds for relief, Appellant uses these arguments to show he has a meritorious claim or defense to present (in an appeal) if his last assignment of error shows he demonstrated a ground for relief under Civ.R 60(B).  *See Summers II*, 2016-Ohio-7935 at ¶ 31-35 (stating the issues to be raised in an appeal can be relevant to the *GTE* element of a meritorious claim or defense, where the movant asserted excusable neglect in missing the appellate deadline due to non-receipt of judgment).  A meritorious claim or defense has been described as dealing with the merits, substance, or essentials of the case.  *Wells Fargo Bank, N.A. v. Stevens*, 7th Dist. Mahoning No. 12 MA 219, 2014-Ohio-1399, ¶ 14.

**{¶26}** "Although a party does not need to prove that the alleged defense will prevail at trial, enough operative facts must be alleged to show that the defense can be proven." *Id.* at ¶ 14, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).  *See also Colley v. Bazell*, 64 Ohio St.2d 243, 247, 416 N.E.2d 605 (1980), fn. 3 ("The movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense.").  Still, to be considered meritorious, the claim or defense alleged must be valid.  *See, e.g., Sell v. Brockway*, 7th Dist. Columbiana No. 11 CO 30, 2012-Ohio-4552, ¶ 20; *Resolution Tr. Corp. v. J.B. Centron Dev. Co.*, 92 Ohio App.3d 643, 647, 637 N.E.2d 23 (6th Dist.1993) (where federal law pre-empted a state defense, that defense presented in a motion for relief was not valid and thus not a meritorious defense).  The purpose of requiring a movant to show a meritorious claim or

defense is to convince the court the granting of relief will not be "a futile gesture" under the circumstances of the case. *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir.1990).

Commitment Papers

**{¶27}** We initially review the argument in Appellant's third assignment of error where he argues the trial court had the necessary papers regarding his sentence in CR-11-552512. Pursuant to R.C. 2725.04(D), "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." The habeas petition is fatally defective if the petitioner does not attach evidence of his commitment or cause of detention and if the defect is not cured by an attachment to the warden's dismissal motion or to the petitioner's response. *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998). However, not only did Boyd fail to attach a copy of the commitment or cause of his detention, he "also did not allege in his petition that he could not obtain a copy of his commitment or cause of detention." *Id.* at 388.

**{¶28}** As the warden acknowledged, Appellant attached the sentencing entry in CR-13-574201, which said the 18.5-year sentence was consecutive to the sentence in CR-11-552512. The warden's motion to dismiss emphasized Appellant provided the original probation entry in the earlier case but not the revocation entry sentencing him to 17 months. However, Appellant attached to his petition the sentencing transcript, which was jointly held in both cases and which recited the sentence in CR-11-552512. He also attached the docket in CR-11-552512, which recited the contents of the sentencing entry imposing a sentence of 17 months consecutive to CR-13-574201. Furthermore, Appellant said he tried multiple times to obtain the final sentencing entry in CR-11-552512 but was unsuccessful in obtaining this particular document from the clerk (with letters to the clerk incorporated into the affidavit attached to the habeas petition).

**{¶29}** Assuming arguendo Appellant sufficiently exhibited "[a] copy of the commitment or cause of detention" in CR-11-552512 or sufficiently showed the commitment papers could not "be procured without impairing the efficiency of the remedy," this would not require Civ.R. 60(B) relief. As stated above, a mistake of the trial court is an appealable issue, not a ground for relief from judgment. *Eubank*, 119 Ohio

St.3d 349 at ¶ 3-5; *Stalder*, 7th Dist. No. 20 MO 0010 at ¶ 4. As for his use of this topic to show a meritorious defense or for other purposes, there were alternative grounds announced for dismissing his habeas petition (making relief on this topic alone ineffectual). The missing commitment paper was a preliminary ground for dismissal, which would have been without prejudice and which was not dispositive where alternative grounds for dismissal with prejudice were provided. *See generally State ex rel. Jackson*, 73 Ohio St.3d at 188 (even when reviewing a direct appeal of a dismissal of a habeas action, a reviewing court need not reverse a correct judgment based on an erroneous rationale). We turn to these alternative grounds, which Appellant raised in his Civ.R. 60(B) motion and in this appeal therefrom.

Adequate Legal Remedy for Incorrect, Non-Jurisdictional Argument

**{¶30}** Appellant's first, second, and fourth assignments of error address arguments in the warden's motion to dismiss as to why Appellant was not entitled to habeas on the face of his petition. Upon reciting the warden's arguments, the trial court's dismissal of the habeas petition pointed out Appellant's argument depended on his claim that the judgment of sentence was void for lack of jurisdiction. However, the court found: he could have raised his argument in an appeal from his conviction; the argument was incorrect; the issue was not jurisdictional; and the judgment was not void.

**{¶31}** In his first assignment of error, Appellant asserts the court should have granted relief (from the dismissal with prejudice of his habeas petition) because his conviction was void. He says the sentencing court lacked jurisdiction where a complaint was filed but there was no preliminary hearing with bindover from the municipal court prior to his indictment. In his second assignment of error, he argues his failure to complete his maximum sentence was an invalid reason for Appellee to seek dismissal of his habeas petition because he was sentenced to life.

**{¶32}** Initially, we point out the court was reciting the warden's arguments when it mentioned the maximum sentence topic. "Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction." (Citations omitted). *Stevens v. Hill*, 168 Ohio St.3d 427, 2022-Ohio-2479, 199 N.E.3d 529, ¶ 6. Habeas corpus is available only if the petitioner is entitled to

immediate release from confinement.  *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995).  Because the Supreme Court explains that one option for seeking habeas is by presenting an argument on maximum sentence expiration, there is no issue with the trial court finding this option was inapplicable and then addressing whether the void judgment option was applicable.

{¶33}  "Habeas corpus is not available when the petitioner has or had an adequate remedy in the ordinary course of the law unless the trial court's judgment is void for lack of jurisdiction."  *Id.   See also State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994) (habeas is only available for non-jurisdictional issues in certain extraordinary circumstances where there was no adequate legal remedy via appeal or post-conviction relief).  Dismissal under Civ.R. 12(B)(6) is warranted "if it appears beyond doubt from the petition, after presuming all factual allegations to be true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to extraordinary relief in habeas corpus."  *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 7383, ¶ 4.   The petitioner does not state a valid claim in habeas corpus if he had adequate remedies at law (such as direct appeal from his criminal conviction) to address non-jurisdictional errors.  *Id.* at ¶ 5 (actual innocence is not cognizable in habeas).

{¶34}  It is well-established the jurisdiction of the common pleas court is invoked by indictment and is not dependent on earlier proceedings such as a municipal court complaint or preliminary hearing.  *State ex rel. Barnette v. Hill*, __ Ohio St.3d __, 2022-Ohio-2469, __ N.E.3d __, ¶ 7-8 (lack of preliminary hearing before indictment does not state a claim in habeas); *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998); *Simpson v. Maxwell*, 1 Ohio St.2d 71, 203 N.E.2d 324 (1964).  Furthermore, an allegation about pre-indictment charging procedures could have been raised on appeal, providing an adequate legal remedy.  *Id.; Yates v. Eberlin*, 7th Dist. Belmont No. 05 BE 1, 2005-Ohio-4763, ¶ 6-10 (affirming the dismissal of a habeas petition as the petitioner "could have challenged the alleged failure to conduct a preliminary hearing via some remedy other than habeas, specifically in a direct appeal of his conviction and sentence").  "In an adult criminal proceeding, an issue with the preliminary hearing is moot or cured after indictment and is not jurisdictional."  *State v. Zarlengo*, 7th Dist. Mahoning No. 20 MA

0036, 2021-Ohio-4631, 182 N.E.3d 458, fn. 3. "The only purpose of a preliminary hearing is to determine whether sufficient facts exist to warrant the court in binding the accused over to the grand jury and to set bail, and once an indictment has been returned by the grand jury, a preliminary hearing before a magistrate is no longer necessary." *State v. Wigglesworth*, 18 Ohio St.2d 171, 248 N.E.2d 607 (1969), *remanded on other grounds*, 403 U.S. 947, 29 L.Ed.2d 857, 91 S.Ct. 2284 (1971) (death penalty issue).

**{¶35}** Appellant's fourth assignment of error alleges he was entitled to relief from judgment because res judicata cannot be addressed via Civ.R. 12(B)(6). The trial court's dismissal entry mentioned the warden's res judicata argument while pointing out a void sentencing judgment would not be subject to res judicata and then addressing Appellant's voidness argument. The warden mentioned res judicata principles in the midst of setting forth the argument that Appellant had an adequate legal remedy for his non-jurisdictional claims. In actions seeking an extraordinary writ (such as habeas) a Civ.R. 12(B)(6) dismissal may be based on merit issues such as the availability of an adequate remedy in the ordinary course of law. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20.

**{¶36}** Moreover, Appellant speaks of a Civ.R. 8(A) notice pleading but filed a 46-page petition for habeas corpus with more than double that amount of attached pages. When a plaintiff or petitioner relays information in a complaint or petition and in attachments, that information can be held against the plaintiff or petitioner in ruling on Civ.R. 12(B)(6) motion (which views the face of the complaint). *Adlaka v. Giannini*, 7th Dist. Mahoning No. 05 MA 105, 2006-Ohio-4611, ¶ 34 ("If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim"). "[M]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281 (1997) (articles and public health studies attached to the petition for a writ were properly considered in dismissing the petition). *See also State ex rel. GMS Mgt. Co., Inc. v. Vivo*, 7th Dist. Mahoning No. 10 MA 1, 2010-Ohio-4184, ¶ 14 (considering written correspondence attached to the petition in dismissing mandamus action).

{¶37} In sum, Appellant's conviction was not void on the grounds raised in his habeas petition, in his Civ.R. 60(B), or on appeal, and Appellant's petition showed he could have appealed the non-jurisdictional issue about the criminal complaint and lacking preliminary hearing. As explained above, alleged mistakes of the trial court do not qualify as a ground for relief under Civ.R. 60(B) (the first *GTE* element). Regarding the second *GTE* element of a meritorious claim or defense, if the movant raises only a subject which legally "is not a valid defense" or claim, then it does not meet the meritorious claim or defense element of GTE. *Sell*, 7th Dist. No. 11 CO 30 at ¶ 20. *See also State v. Ramsey*, 7th Dist. Columbiana No. 10 CO 29, 2011-Ohio-2640, ¶ 28-29. Even assuming the alleged facts underlying Appellant's claim were true, the claim is legally incorrect and does not qualify for habeas relief under long-standing law. Consequently, the arguments in the first, second, and fourth assignments of error do not allege a meritorious claim or defense. Regardless, all *GTE* elements must be satisfied, but Appellant's final allegation, on the ground for relief element, is without merit.

### Relief from Judgment to Obtain a New Judgment to Appeal

{¶38} Appellant's fifth assignment of error argues the court should have permitted him to use Civ.R. 60(B) to gain additional time to appeal when he claimed a lack of notice of the final judgment. He relies on a line in our entry dismissing his untimely appeal from the trial court's dismissal of his habeas petition. After explaining there was no method for this court to enlarge the time to appeal or for a delayed appeal in a civil action, this court's May 10, 2022 dismissal entry noted, "the proper avenue for a claim related to service of an entry is a Civ.R. 60(B) motion for relief from judgment in the trial court." *Bridges*, 7th Dist. No. 22 BE 7, citing *Summers II*, 2016-Ohio-7935 at ¶ 27-28. This was dicta and an advisory opinion on what path could be attempted. It was not a ruling that Appellant's Civ.R. 60(B) motion would have merit.

{¶39} In the latter case relied on by Appellant, we acknowledged, "the Ohio Supreme Court has held Civ.R. 60(B) is the proper avenue to attack a judgment when the claim is a party did not receive notice." *Summers II*, 2016-Ohio-7935 at ¶ 27, citing *State ex rel. Smith v. Fuerst*, 89 Ohio St.3d 456, 457, 732 N.E.2d 983 (2000) (denying writ as petitioner had adequate remedy at law via motion for relief from judgment). We did not find Civ.R. 60(B) relief was warranted in all cases with a claimed failure to receive notice

of a judgment. Rather, we merely held there were operative facts warranting an evidentiary hearing to determine whether the excuse for failing to file a timely notice of appeal was believable to satisfy mistake, inadvertence, surprise, or excusable neglect under division (B)(1). *Id.* at ¶ 36-40 (after finding meritorious defenses were alleged).

**{¶40}** We noted a "potential basis" for finding mistake, excusable neglect, surprise, or inadvertence under Civ.R. 60(B)(1) could include the movant's lack of notice of the judgment as his reason for failing to file a timely appeal. *Id.* at ¶ 38. Nevertheless, a movant's inaction is not excusable if it represents a "complete disregard for the judicial system." *GTE,* 47 Ohio St.2d at 153. We concluded the affidavits provided to the trial court by the movant's attorney did not show a complete disregard of the judicial system, if believed. *Summers II*, 2016-Ohio-7935 at ¶ 27. After remand, the trial court found the neglect was not excusable, and this court affirmed. *Summers v. Lancia Nursing Homes, Inc.*, 2017-Ohio-9218, 103 N.E.3d 226, ¶ 35 (7th Dist.) (*Summers III*).

**{¶41}** We turn to the facts relevant to the Civ.R. 60(B) motion on the issue of notice of the final judgment. Appellant points out the trial court's judgment was issued on January 25, 2022 and he was thereafter transferred to another prison on January 31, 2022. The docket shows the clerk served notice of the judgment on the same day it was filed, mailing it to the address where he was located at the time. Service is complete upon mailing to the person's last known address by United States mail. Civ.R. 58(B); Civ.R. 5(B)(2)(c).

**{¶42}** Appellant claims he did not physically receive the judgment until sometime after February 11, 2022, when the clerk docketed his letter about his new address and sent him another copy of the January 25, 2022 judgment to his new address as requested. However, Appellant admits his immediate knowledge of the court's issuance of the January 25, 2022 judgment. The record shows Appellant chose to file a motion for reconsideration and for findings of fact and conclusions of law on January 31, 2022, instead of appealing, and he acknowledges he filed the motion in an attempt to extend the time to appeal.

**{¶43}** Yet, the trial court's February 2, 2022 denial of reconsideration and denial of the request for findings of fact and conclusions of law did not extend the time to appeal because a motion to reconsider a final order is a nullity and Appellant was not entitled to

findings of fact and conclusions of law on a Civ.R. 12(B)(6) dismissal. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379-381, 423 N.E.2d 1105 (1981), fn. 1 (consistent with Civ.R. 54(B), only an interlocutory order is subject to revision); *State ex rel. Drake v. Athens Cty. Bd. of Elections*, 39 Ohio St.3d 40, 41, 528 N.E.2d 1253 (1988) (an appellant is not entitled to findings and conclusions when a court dismisses a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted); *Davis v. Barton*, 7th Dist. Mahoning No. 20 MA 0064, 2021-Ohio-2359, ¶ 30 (if Civ.R. 52 does not require the court to issue findings of fact and conclusions of law, then the time for filing a notice of appeal is not tolled).[3]

**{¶44}** As we pointed out in dismissing Appellant's March 17, 2022 appeal, his notice of appeal was due 30 days from January 25, 2022, which was February 24, 2022. *Bridges*, 7th Dist. No. 22 BE 7. Appellant's legal error on tolling and his deliberate decision to wait to appeal does not satisfy a ground for relief from judgment in Civ.R. 60(B). *Cleveland Mun. School Dist. v. Farson,* 8th Dist. Cuyahoga No. 89525, 2008-Ohio-912, ¶ 13 (deliberate acts, mistaken legal advice, and mistakes of law are not within the contemplation of the rule). Plus, "[t]his is not a situation where a party is blindsided by a final order it was not expecting." *Summers III*, 2017-Ohio-9218 at ¶ 35.

**{¶45}** We also note Appellant's March 17, 2022 notice of appeal in 22 BE 7 was not filed within 30 days of the reconsideration denial or even within 30 days of the February 11, 2022 courtesy mailing of a copy of the judgment in response to his change of address letter. This leads to his other claim about why his appeal was filed late; he claims an initial attempt to appeal was not received by the clerk.

**{¶46}** His motion for relief from the January 25, 2022 judgment did not set forth the date he allegedly sent this missing notice of appeal. Instead, he generally alleged he sent it after he received the additional copy of the judgment (which the clerk mailed on February 11, 2022). Appellant's motion for relief mentioned prison account withdrawal slips as evidence that he mailed documents to the clerk (as if the trial court should view

---

[3] The evidence attached to his Civ.R. 60(B) motion indicates he was forwarded prison mail after his transfer. When attaching the February 2, 2022 judgment denying his request for reconsideration and for findings of fact and conclusions of law, Appellant included the envelope from the clerk (addressed to him in Belmont Correctional Institute and post-marked February 2), indicating he received it at Richland Correctional Institution.

the dates on the slips for itself), but these slips were not attached to his motion. The trial court was not required to consider items Appellant submitted in seeking a delayed appeal in 22 BE 7 in order to assist Appellant in assembling the alleged operative facts to support his motion for relief from judgment filed months later, and the petition did not specify where the trial court could find these items. Appellant's motion also did not account for the delay extending to the March 17, 2022 date the notice of appeal was eventually filed.[4]

**{¶47}** The motion for relief from judgment submitted to the trial court did not contain sufficient operative facts alleging the purported appeal attempt would have been timely if received in order to warrant further proceedings. *See Coulson*, 5 Ohio St.3d at 16. Instead, this secondary allegation (of an attempted appeal) appears to build upon the first allegation (the timing of notice of the final judgment), which was not shown to be a valid ground for relief as discussed supra. This assignment of error is overruled.

**{¶48}** In any event, all three *GTE* elements must be met, and as set forth supra Appellant did not set forth a meritorious claim or defense as his petition revolved around an issue that was not subject to habeas relief. For the various reasons, herein set forth, the trial court did not abuse its discretion in denying the motion for relief from the dismissal of the habeas action.

**{¶49}** Accordingly, the trial court's judgment denying Civ.R. 60(B) relief is affirmed.


Waite, J., concurs.

D'Apolito, P. J., concurs.

---

[4] We also note there was no allegation of service of the alleged notice of appeal on the warden. *Compare Farson,* 8th Dist. Cuyahoga No. 89525 at ¶ 15.

Case No. 22 BE 0034

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**